UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| CHARLES S. HANNA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 5:12-cv-2423 |
| | : | |
| JASON GROZIER, et al., | : | |
| Defendants. | : | |

_____

## MEMORANDUM

Defendants' Motion for Partial Judgment on the Pleadings, ECF No. 57- Granted

**JOSEPH F. LEESON, JR.**                                                                **May 18, 2015**
**United States District Judge**

### I.        Introduction – Factual Background

On May 3, 2012, Plaintiff filed a complaint against Officer Jason Grozier of the South

Whitehall Township Police Department.  Compl., ECF No. 1.  On November 20, 2013, Plaintiff

filed a second amended complaint, which added South Whitehall Township as a Defendant.  Am.

Compl., ECF No. 47.  Plaintiff alleges that on September 24, 2011, he accompanied his adult

daughter to her marital residence to pick up her children and several personal items.  Id. ¶ 8.  He

contends that his son-in-law called the police and Defendant Grozier responded.  Id. ¶¶ 9-10.

Plaintiff alleges that when he told his son-in-law, "Bill you're an Asshole," Defendant Grozier

warned Plaintiff, "If you don't shut up, I'll arrest you."  Id. ¶ 10.  A moment later, Plaintiff,

disgusted that the police were called, asked his son-in-law's father, "Are you proud of your

son?"  Id. ¶ 11.  Defendant Grozier again advised Plaintiff that if he was not quiet, he would be

arrested.  Id. ¶ 12.  Ultimately, Plaintiff was not arrested but received a summary citation for

Disorderly Conduct in the mail.[1]  Id. ¶ 31, Ex. A.  Plaintiff alleges that the South Whitehall

Police Department and the Township of South Whitehall were responsible for Defendant

Grozier's actions.  Id. ¶ 41.

The Second Amended Complaint claims a violation of Plaintiff's rights to freedom of

speech and freedom of expression, and abuse of process for retaliation purposes.  2nd Am.

Compl.  For relief, Plaintiff seeks, inter alia, an Order requiring education for Defendant Grozier

and "similarly situated policy implementers ... in the elements and implications of 'freedom of

speech and expression' as set forth by the First Amendment."  Id., at pp. 24-25.[2]

On October 1, 2014, Defendants filed a Motion for Judgment on the Pleadings, which is

the subject of this Order.  Mot. J. Pldgs., ECF No. 57.  Defendants argue that Plaintiff's prayer

for relief, asking that Defendant Grozier and others similarly situated be educated in First

Amendment rights, be dismissed with prejudice because it is not an available remedy in a

Section 1983 action.  Id.

Plaintiff filed a response to the motion on October 24, 2014.  Resp., ECF No. 60.  He

contends that by not dismissing this relief request in the Order dated September 8, 2014, "this

Court specifically left open Plaintiff's right to seek relief in pursing [F]irst [A]mendment

educational training."  Id. at 6.  He cites free speech violations by the Pittsburgh Police

Department and a Luzerne County case as evidence of the need for education.  Id. at 9.  Plaintiff

---

[1] The citation states: "while a police officer was in the performance of his duties, Defendant engaged in tumultuous behavior by yelling at other parties, the officer, and attempting to escalate the situation."  2nd Am. Compl., Ex. A.

[2] The Second Amended Complaint also requested a permanent injunction forever enjoining Defendant Grozier from issuing criminal citations for Disorderly Conduct to persons exercising their First Amendment rights; but, on September 5, 2014, the Court granted Defendants' motion to dismiss this relief request.  Mot. Dismiss, ECF No. 48; Order, ECF No. 53, Sept. 5, 2014.

argues that based on Defendant Grozier's citation to him the "Court can perceive that the remaining members of the SWTPD are as ignorant of [F]irst [A]mendment law." Id. at 10.

## II.      Review and Analysis of Applicable Law

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings for failure to state a claim are judged according to the same standard." Gebhart v. Steffen, 574 Fed. Appx. 156, 158 (3d Cir. 2014).  Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief is plausible if supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "a formulaic recitation of the elements of a cause of action will not do." Id. (citing Twombly, 550 U.S. at 555).  Instead, the plaintiff must make a "'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3.

"When state officials are sued in their official capacities under Section 1983, a court may grant prospective injunctive relief." Abdul-Akbar v. Watson, 775 F. Supp. 735, 755 (D. Del. 1991) (citing Will v. Mich. Dept. of State Police, 109 S. Ct. 2304, 2311 n.10 (1989)).  However, "a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." L.A. v. Lyons, 461 U.S. 95, 111 (1983).  A "plaintiff must demonstrate standing for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 185 (2000).  "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is

3

concrete and particularized; the threat must be actual and imminent, not conjectural or

hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be

likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth

Island Inst., 555 U.S. 488, 493 (2009); ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 301 (3d

Cir. 2012).  "The equitable remedy is unavailable absent a showing of irreparable injury, a

requirement that cannot be met where there is no showing of any real or immediate threat that

the plaintiff will be wronged again."  Lyons, 461 U.S. at 111; Collins v. Borough of Trainer, No.

13-7613, 2014 U.S. Dist. LEXIS 89233, at *14 (E.D. Pa. June 27, 2014) ("The Complaint is

devoid of facts showing a real and immediate threat that Plaintiff would again be subject to

constitutional deprivations" and granting the defendants' motion to dismiss his claim for

injunctive relief).

This Court finds that Plaintiff's request for injunctive relief is based solely[3] on Defendant

Grozier's single citation to him and lacks the necessary showing of irreparable injury.  See

Torres v. Allentown Police Dep't, No. 13-3066, 2014 U.S. Dist. LEXIS 114907, at *37-38 (E.D.

Pa. Aug. 18, 2014) (concluding that there were no allegations that the plaintiff would be

subjected to similar conduct in the future and dismissing the requests for injunctive and

declaratory relief).  Plaintiff has failed to allege any real or immediate threat that he will be

wronged again.  See Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) ("While a § 1983

plaintiff's allegation that he has suffered from unconstitutional practices may be sufficient to

establish standing to sue for damages, 'past exposure to illegal conduct does not in itself show a

---

[3] Plaintiff's allegation that based on this single incident, the Court can infer that other members
of the South Whitehall Township Police Department are also ignorant of First Amendment law is
unpersuasive.  Additionally, Plaintiff's reference to alleged free speech violations by the
Pittsburg Police Department and in a Luzerne County case do not establish standing for his
request that Defendant Grozier and others similarly situated be educated in the elements and
implications of freedom of speech and expression.

present case or controversy regarding injunctive relief....'" (quoting <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495 (1974)); <u>Rosembert v. Borough of East Lansdowne</u>, 14 F. Supp. 3d 631, 649 (E.D. Pa. 2014) (concluding that the plaintiff failed to plead sufficient facts to "establish he is substantially likely to suffer an excessive use of force injury after fleeing from police officers in the future" and dismissing his claims for declaratory and injunctive relief).

In <u>Lyons</u>, the United States Supreme Court held that the plaintiff, who alleged that "the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force" did not have standing to seek injunctive relief because he would have had to allege that he would have another encounter with the police, "but also to make the incredible assertion either (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation, or for questioning, or (2) that the City ordered or authorized police officers to act in such manner." <u>Lyons</u>, 461 U.S. at 105-06.

Here, not only does Plaintiff fail to allege that he will have another encounter with Defendant Grozier or the South Whitehall Township Police Department,[4] but he also fails to claim either that all South Whitehall Township police officers always violate the First Amendment rights of those they encounter or that South Whitehall Township authorized such conduct. Rather, Plaintiff alleges that Defendant Grozier "acted individually in that he violated and deviated from policy to which he was charged." 2nd Am. Compl. ¶2. The Second Amended Complaint refers to Defendant Grozier as a "rogue police officer." <u>Id.</u> at ¶¶ 18-19. Plaintiff states that "Defendant Grozier may have proceeded to act in contradiction of the conforming

---

[4]<u>See</u> <u>Torres</u>, 2014 U.S. Dist. LEXIS 114907 at *37-38 (concluding that there were no allegations that the plaintiff would be subjected to similar conduct in the future and dismissing the requests for injunctive and declaratory relief).

policy of the South Whitehall Township Police Department" and that "it matters not whether

Grozier acted within Police policy [because] the police department and municipality were at all

times responsible for his actions, whether proper or wrongful." Id. at ¶ 42.  These allegations do

not satisfy the pleading requirements to show that Plaintiff is entitled to injunctive relief.  See

Martinez v. Marino, No. 06-5278, 2007 U.S. Dist. LEXIS 44421, at *14-15 (E.D. Pa. June 18,

2007) (finding that the plaintiff's allegation that "the city inadequately handles citizen

complaints of police misconduct and fails to discourage constitutional violations by the police ...

does not meet the requirements the Supreme Court set forth in Lyons because [he] has not

alleged that all police officers always conduct illegal searches ... or that the City of Allentown

authorizes police officers to conduct illegal searches).

Finally, as to Plaintiff's argument that the Court left open in its previous order his right to

seek injunctive relief in the form of education training, that issue was not before the Court.  The

Order, dated September 5, 2014, specifically stated that although "[t]he prayer for relief also

requests ... education of Officer Grozier and others in First Amendment rights," such request was

not addressed by Defendants' motion, and therefore was not before the Court.  Order, ECF No.

53 n.3.

## III.    Conclusion

Accordingly, Defendants' Motion for Partial Judgment on the Pleadings, ECF No. 57,

will be granted.  A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge